IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY BLAND, | : | |
| | : | |
| Petitioner, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| | : | |
| ROBERT GILMORE, et al., | : | NO. 15-6219 |
| | : | |
| Respondents. | : | |

FILED
JUL 21 2016
LUCY V. CHIN, Interim Clerk
By _____ Dep. Clerk

ORDER

AND NOW, this 21 day of July, 2016, upon consideration of the petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 (Doc. No. 1), and after review of the well-reasoned Report and Recommendation (Doc. No. 18) of the Honorable Jacob P. Hart, United States Magistrate Judge, **IT IS HEREBY ORDERED** that:

1. Upon *de novo* review, the petitioner's Objections (Doc. No. 21) are **OVERRULED.**[1]

---

[1] I will not consider the substantive merits of Mr. Bland's habeas petition since review of the record makes clear that Mr. Bland's habeas petition is untimely. Generally, the one-year limitations period to seek federal habeas review of a state court conviction begins to run from "the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review." Williams v. Glunt, No. CIV. A. 15-781, 2016 WL 3476264, *2 (E.D. Pa. June 27, 2016)(citing 28 U.S.C. § 2244(d)(1)(A)). However, where a conviction became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") on April 24, 1996, petitioners seeking habeas relief had a one-year grace period to file their petition. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). Mr. Bland's conviction became final on January 18, 1988. As Mr. Bland's conviction became final prior to the enactment of AEDPA, Mr. Bland had until April 24, 1997 to file a habeas petition. Mr. Bland filed the current habeas petition on November 18, 2015, nearly eighteen years after the one-year grace period terminated.

An untimely habeas petition may be subject to equitable tolling upon a showing that: "(1) [the petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Snyders v. Giroux, No. CIV. A. 15-0521, 2016 WL 3456946, *7 (E.D. Pa. May 27, 2016)(internal citations omitted). Mr. Bland's Objections do not even address equitable tolling much less present any compelling argument for its application to his habeas petition. Rather, much of Mr. Bland's Objections reiterate the arguments which Judge Hart has already considered and rejected in his Report and Recommendation. Mr.

2. The Report and Recommendation is **APPROVED AND ADOPTED**.

3. The petition for writ of *habeas corpus* is **DISMISSED with prejudice as untimely**.

4. There is no basis to issue a certificate of appealability.

The Clerk of Court is directed to mark this case **CLOSED** for statistical purposes.

BY THE COURT

LAWRENCE F. STENGEL, J.

---

Bland's petition for habeas relief was submitted nearly eighteen years after the AEDPA's time limitation and Mr. Bland has failed to demonstrate any basis for equitable tolling. Accordingly, I am dismissing with prejudice his habeas petition as untimely.